**Huber v. Etkin**

*Bradley G. Rainer and Edward J. Kelbon Jr.,* for plaintiff.

*Robert B. White Jr.,* for defendant.

BERNSTEIN, *J.,* December 10, 2010—Robert A. Huber ("plaintiff") and Michael A. Etkin ("defendant") are former law partners in two partnerships: Etkin & Huber, LLP ("E&H") and Yankowitz, Etkin and Huber, LLP ("YEH"). Plaintiff commenced this action to recover pre-dissolution distributions owed to him. On May 31, 2009, defendant filed an answer and counter-claim seeking his share of post-dissolution contingent fees received from client matters in progress on the date of dissolution. On July 1, 2010, this court ruled in favor of plaintiff. On July 16, 2010, defendant filed post-trial motions arguing that the court's findings of fact were contrary to the evidence at trial and that *Solo v. Padova*[1] is not the law of Pennsylvania with respect to unresolved contingent fee cases at time of dissolution but subsequently resolved. On November 5, 2010, this court ordered a new trial. It is from this order that plaintiff now appeals.

E&H was formed in 2002 by plaintiff and defendant. There was no written partnership agreement governing E&H. Pursuant to the oral partnership agreement profits were divided 52% for defendant and 48% for plaintiff. In October of 2002, YEH was formed by a written partnership agreement providing that Jack A. Yankowitz and the law firm of E&H were each 50% owners. On May 31, 2007,

---

1. No. 5049, 1990 WL 902426 (Pa. Com. Pl. 1990), 21 Phila. 22.

plaintiff withdrew from E&H and YEH and notified both defendant and Mr. Yankowitz.

Plaintiff and defendant sent letters to all E&H and YEH clients, informing them of the dissolution of each partnership. The letters gave clients the choice of selecting which E&H partner they would retain to continue representation. Upon selection, that attorney continued representation. Plaintiff has been paid a total of $78,000 in pre-dissolution profits from E&H and YEH. No post-dissolution profits have been paid by either party.

When a partner withdraws from a partnership the partnership is dissolved,[2] and specific statutory rules apply. "On dissolution, the partnership is not terminated but continues until the winding up of partnership affairs is completed."[3] Partners are to contribute the amount necessary to satisfy the liabilities of the partnership in the absence of any agreements to the contrary. Liabilities include profits owed to partners.[4] "Each partner shall... share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied and must contribute towards the losses...sustained by the partnership, according to each partner's share in the profits."[5]

Defendant's counter-claim was for post-dissolution profits earned by plaintiff. Defendant contended that he was entitled to profits plaintiff earned from completing

2. 15 Pa.C.S. § 8353(1)(ii); *Girard Bank v. Haley*, 460 Pa. 237 (1975).
3. 15 Pa.C.S. §8352.
4. 15 Pa.C.S. § 8362(2)(iv).
5. 15 Pa.C.S. §8331(1).

cases that had been previously handled by the partnerships. While there is no binding precedent directly on point, there is an abundance of persuasive authority.

*Melenyzer v. Tershel*[6] involved the disposition of a law partnership's contingent fee profits recovered post-dissolution. In that case there was no partnership agreement that addressed post-dissolution distributions and therefore the Uniform Partnership Act controlled. Defendant argued that his responsibility to the other partners was limited to fees and costs owed at the time of dissolution, and any contingent fee case in progress belonged to the "originating attorney." The Washington County Court of Common Pleas rejected this contention in favor of clearly established general partnership principles: "A partner[, as a fiduciary,] must not take partnership property after dissolution. Partnership property includes a law firm's case that is in progress before dissolution, and is completed as part of the winding up of the firm."[7] The court concluded that contingent fee cases brought into the firm prior to dissolution were assets of the partnership to be split accordingly.

*In re LaBrum & Doak, LLP*[8] also involved facts remarkably similar to those in the instant case. In the absence of a contrary written agreement, Judge Scholl of the Eastern District of Pennsylvania Bankruptcy court held that the provisions of the Pennsylvania Uniform Partnership Act governed the disposition of post-dissolution contingent fees and costs in matters in progress

---

6. No. 99-5200, 2004 WL 5149401 (Pa. Com. Pl. 2004).
7. *Id.* (citing *Bracht v. Connell*, 170 A. 297 (Pa. 1933)).
8. 227 B.R. 391 (Bkrtcy EDPA 1998).

at the time of dissolution. In his opinion, Judge Scholl said:

> Throughout the windup period, partners have a fiduciary duty to act in good faith toward one another and complete the "unfinished business" of the partnership without any additional compensation for this activity. Accordingly, partners are obliged to complete the work-in-progress of the partnership at the time of its dissolution, liquidate its assets, settle its liabilities, and distribute its profits, if any, among the partners. Only upon completion of the "unfinished business" is the partnership, and thus the fiduciary duty between partners, terminated.

> On the basis of these principles, every other court confronted with this issue of division of post-dissolution proceeds of a law partnership has held that pending cases, regardless of whether they are hourly-fee cases or contingent-fee matters, are unfinished business requiring winding up after dissolution, and are therefore assets of the partnership subject to post-dissolution distribution.[9]

Only the isolated case of *Solo v. Padova*[10] held that contingent fees are not subject to post-dissolution distribution. *Solo* relied on the Superior Court's decisions in *Lamparski v. Sikov*[11] and *Beasley v. Beasley*.[12] However, *Lamparski* concerned the distribution of corporate assets

9. *Id.* at 408 (citations omitted).
10. No. 5049, 1990 WL 902426 (Pa. Com. Pl. 1990), 21 Phila. 22.
11. 559 A.2d 544 (Pa. Super. 1989).
12. 518 A.2d 545 (Pa. Super. 1986).

to a deceased partner's estate. This decision was controlled by statutes which have since been repealed. Pursuant to these statutes, an agreed upon appraiser determined the corporation's value according to the "net asset" valuation method also agreed upon by the parties. The appraiser decided not to assign value to any billable work in progress or even to accounts receivable because of the corporation's method of accounting. If fees earned but not yet collected were not "net assets" under the accounting and valuation methods agreed upon by the parties then of course contingent fees could not be "assets" either. The Superior Court found no abuse of discretion in the trial court's order which adopted the appraiser's recommendations and conclusions.

*Beasley* involved the equitable distribution of marital assets. The Divorce Code of 1980 governed the case. The Superior Court held that it would have been inappropriate in that case to value contingent fee cases handled by the husband's law practice for purposes of equitable distribution when such value would be incorporated into an alimony award under the Divorce Code. The court explained: "the income producing capacity reflected by [contingent fee] cases can be estimated on the basis of compensation for completed cases and, therefore, that record should be sufficient to project the earning capacity of the attorney."[13]

It is not impossible to determine the value of contingent fee cases when a partnership is dissolved.[14] Fortuitously,

---

13. *Beasley*, 518 A.2d at 554.
14. It may require expert opinion testimony as to likelihood of success and amount of damages.

28

in this case, most of the contingent fee cases have been resolved since the partnerships dissolved over three years ago.[1] Thus, the value of these cases is absolutely known fact.

Since the value of the contingent fee cases are a partnership asset upon dissolution the prior verdict and opinion were properly vacated and the decision to order a new trial should be affirmed.

---

1. The parties testified that they did not part ways amicably. Likewise neither party thought there was an agreement which controlled the disposition of post-dissolution contingent fee profits.